UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 07-CV-71-HRW

KEITH A. CAMPBELL                                                                                          PETITIONER

VS:                            **MEMORANDUM OPINION AND ORDER**

BRIAN PATTON                                                                                               RESPONDENT

\*\*\*   \*\*\*   \*\*\*

Keith A. Campbell ("Campbell"), a prisoner incarcerated at the Federal Correctional Institution in Ashland, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [Record No. 2]  Campbell has paid the filing fee.

This matter is before the Court for screening.  28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).  As Campbell is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys.  *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  During screening, the allegations in his petition are taken as true and liberally construed in his favor.  *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).  But if the Court determines that the petition fails to establish adequate grounds for relief, it may dismiss the petition or make such disposition as law and justice require.  *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

**I.      Factual Background**

On August 7, 2006, pursuant to a written plea agreement Campbell (also known as "George Dyson" and "The Tax Man") was convicted in the District of Columbia of conspiracy to defraud the

United States in violation of 18 U.S.C. § 286 and aiding and abetting first degree theft in violation of 22 D.C. Code §§ 3211, 3212(a). On December 11, 2006, Campbell was sentenced to a combined term of incarceration of 36 months to be followed by a three year term of supervised release. Campbell's direct appeal remains pending. *United States v. Campbell*, 05-CR-455, District of Columbia. [Record Nos. 15, 16, 32, 33 therein]

In his petition, Campbell alleges that in March 2007 he was confined at FCI-Petersberg in Florida. On March 8, 2007, Campbell was involved in an altercation with another inmate. As a result, Bureau of Prisons ("BOP") Unit Team members issued an Incident Report charging him with Fighting with Another Inmate, a Code 201 violation. Campbell alleges that his Unit Team members violated BOP regulations by not typing their names next to their signatures on the Incident Report. After a disciplinary hearing, the Disciplinary Hearing Officer ("DHO") sanctioned Campbell with the loss of 27 days Good Conduct Time ("GCT"). Campbell alleges the DHO improperly relied upon two disciplinary reports from a prior, presumably completed, prison sentence in reaching his decision. Finally, Campbell indicates he did not receive a copy of the DHO's decision within ten days as required by BOP regulations.

On April 19, 2007, Campbell appealed the DHO's decision by filing a Form BP-230 with the Mid-Atlantic Regional Office ("MARO") of the BOP, raising the grounds identified above. On April 30, 2007, MARO rejected the appeal, essentially because Campbell did not include a copy of the DHO's decision with his grievance form. The rejection letter noted that if Campbell claimed delay in receipt of the DHO report, he should include written verification from BOP staff of the delay. On May 12, 2007, Campbell appealed that rejection by filing a Form BP-231 with the Central Office, noting that the BOP's failure to provide him with a copy of the DHO's decision prevented him from providing a copy with his Form BP-230. On May 22, 2007, the Central Office rejected

the appeal on the ground that Campbell should complete the process with MARO before appealing to the Central Office. Campbell thereafter filed his petition in this action, raising the same grounds asserted in his appeal before MARO.

**II.    Discussion**

Federal courts have required prisoners wishing to file a habeas corpus petition under 28 U.S.C. § 2241 to exhaust their administrative remedies before doing so. This is not required by statute, but is entirely a creature of the courts. *Colton v. Ashcroft*, 299 F. Supp. 2d 681, 689 (E.D. Ky. 2004); *Wesley v. Lamanna*, 27 Fed.Appx. 438, 2001 WL 1450759 (6th Cir. 2001). Here, Campbell filed a grievance regarding the issues now presented in his petition, but those grievances were rejected because he had not yet received a copy of the DHO's decision and included it with the grievance form. However, MARO's rejection made clear that the proper recourse to address a delay in receiving the DHO's decision was to obtain certification from appropriate BOP staff that the documentation had yet to be received. Instead of doing so, Campbell appealed to the Central Office. Again without the DHO's substantive decision before it to review, the BOP's Central Office was without an evidentiary record to review the claims asserted by Campbell in his grievance. The Court is unable to conclude that Campbell satisfied his obligation to exhaust administrative remedies under such circumstances.

Apart from this procedural shortcoming, Campbell's allegations are insufficient to warrant habeas relief when considered on the merits. It is well-established that an inmate possesses a due process liberty interest in good time credit which he or she has already earned and is vested, as it will inevitably affect the inmate's duration of confinement. *Sandin v. Conner*, 515 U.S. 472, 483 (1995); *Blevins v. Lamanna*, 23 Fed.Appx. 216, 217 (6th Cir. 2001). In the context of prison disciplinary proceedings, the Due Process Clause of the Constitution therefore requires that the

prisoner receive notice of the disciplinary hearing at least 24 hours before it occurs, a reasonable opportunity to present witnesses and documentary evidence in his defense, and an explanation of the evidence and reasons relied upon to support a decision against him. *Lee v. Young*, 43 Fed.Appx. 788, 789 (6th Cir. 2002); *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

In his petition, Campbell alleges that the BOP failed to follow some of its own internal regulations in the disciplinary hearing process, including the failure to type out the names of the charging officers on the incident report and not provide him with a copy of the DHO decision within ten days. However, the Supreme Court long ago held that the "process" due to an inmate in such a disciplinary hearing is defined solely by the federal Constitution -- not statutes or internal regulations. Accordingly, even where an agency fails to follow its own regulations, there is no *per se* due process violation. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[I]t is well-settled that state law does not ordinarily define the parameters of due process for Fourteenth Amendment purposes, and that state law, by itself, cannot be the basis for a federal constitutional violation. *See Purisch v. Tennessee Technological Univ.*, 76 F.3d 1414, 1423 (6th Cir.1996) ("Violation of a state's formal [employment grievance] procedure ... does not in itself implicate constitutional due process concerns.")). Therefore, even where regulations impose procedural requirements in addition to those required by the Constitution, a due process violation is found only where the *Wolff* requirements are not satisfied. Finally, Campbell alleges that the DHO took into account incident reports from a prior completed sentence. To the extent Campbell challenges the sufficiency of the evidence against him to support the charge, the Supreme Court has held that a disciplinary conviction need only be supported by "some evidence." *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455-56 (1985). Particularly where Campbell does not allege in his petition that he did not commit the

conduct giving rise to the charge, this requirement is amply satisfied. Accordingly, Campbell's petition for habeas relief must be denied.

**III. CONCLUSION**

The Court being sufficiently advised, it is **ORDERED** as follows:

(1) Petitioner Calhoun's petition for a writ of habeas corpus [Record No. 2] is **DENIED.**

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This February 26, 2008.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge